# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMGAD A. HESSEIN, M.D., | : |
| : Hon. Faith S. Hochberg |
| Plaintiff, : |
| : Civil Action No. 13-4998 (FSH) |
| v. : |
| : |
| UNION COUNTY PROSECUTOR'S OFFICE, : **OPINION & ORDER** |
| et al., : |
| : |
| Defendants, : Dated: November 25, 2013 |
| : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendants'[1] motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is appearing *pro se*.[2]

---

[1] Defendants to this matter include: the Union County New Jersey Prosecutor's Office, Union County, the Office of the Attorney General of New Jersey, Detective David Nechmankin of the Union County Prosecutor's Office (individually and in his official capacity), Michael Sheets (assistant Union County prosecutor, individually and in his official capacity), Tansey (assistant Union County prosecutor, individually and in his official capacity), Grace H. Park (acting district attorney of Union County, individually and in her official capacity), Kay Ehrenkrantz (deputy attorney general of New Jersey, individually and in her official capacity), John J. Hoffman (acting attorney general of New Jersey, individually and in his official capacity), Paula T. Dow (ex-attorney general of New Jersey, individually and in her official capacity), Theodore Romankow (ex-district attorney of Union County New Jersey, individually and in his official capacity), and Thomas Haluszczak (assistant Union County prosecutor, individually and in his official capacity).

[2] When considering a *pro se* complaint, the Court is mindful that it must construe the complaint liberally in favor of the plaintiff. *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

The Court has reviewed the submissions of the parties and considers the motions pursuant to Federal Rule of Civil Procedure 78.

   I.   BACKGROUND

Plaintiff Amgad A. Hessein, M.D. (hereinafter "Plaintiff") was a physician who operated his own practice, Advanced Pain Management ("APM"). In response to alleged illegal medical billing practices performed by Plaintiff's practice, an investigation and a criminal prosecution involving healthcare claims fraud was initiated by the Union County Prosecutor's Office ("UCPO") against Plaintiff. Plaintiff was also administratively prosecuted before the Board of Medical Examiners concerning his license to practice medicine. Plaintiff alleges that he conducted an internal investigation into the matter and uncovered an illegal medical billing scheme conducted by several of his employees and patients. Plaintiff claims that after uncovering the illegal scheme, he reported it to the UCPO. Plaintiff and Ashraf Sami, Plaintiff's brother and office manager, were charged with healthcare claims fraud, theft, and conspiracy. Plaintiff is a defendant in an ongoing criminal case before the Union County Superior Court, docket number UNN-L-0420-11.

On August 19, 2013, Plaintiff filed this action alleging that the criminal investigation was conducted in bad faith, based upon vague state statutes, and harassing towards his person, which resulted in Constitutional violations and irreparable harm to his person, property, character, business, and practice. Plaintiff seeks injunctive relief from the criminal action, a dismissal of all UPCO proceedings, suppression of evidence, damages, and a stay of any State and Federal court actions. Defendants argue that Plaintiff is attempting to thwart the State prosecutions by filing this suit.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

## III. DISCUSSION

All Defendants move to dismiss Plaintiff's complaint. Union County moves to dismiss arguing that the county is not vicariously liable under the Torts Claim Act when county prosecutors and their subordinates act in their law enforcement and investigatory capacity. The

remaining Defendants move to dismiss under Younger abstention, prosecutorial immunity, the doctrine of qualified immunity, sovereign immunity,[3] and for failure to state a claim upon which relief can be granted.

### a. Union County's Motion to Dismiss

#### i. Union County's Liability Pursuant to N.J.S.A. 59:2-2 and *Wright v. State*

Union County argues that the county is not vicariously liable under the Torts Claim Act when county prosecutors and their subordinates act in their law enforcement and investigatory capacity. The Union County defendants allege that they act as "agents" and "officers" of the State, qualifying them as State employees, under N.J.S.A. 59:1-3,[4] for purposes of determining

---

[3] Although not addressed below, sovereign immunity would bar money damages against the State defendants in their official capacities. "[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). Absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). Congress has not abrogated immunity for actions brought pursuant to 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979). Therefore, Plaintiff may not recover money damages against these defendants. *See Beightler v. Office of Essex County Prosecutor*, 342 F. App'x. 829 (3d Cir. 2009) (defendant entitled to sovereign immunity for action stemming out of decision to prosecute plaintiff for unlawful possession of a firearm); *Hyatt v. County of Passaic*, 340 F. App'x 833, 838 (3d Cir. 2009) (county prosecutor's office entitled to sovereign immunity on charges of malicious prosecution, false arrest, and false imprisonment claims because procedures, policy, and training implicated in incident were related to the prosecutorial function). To the extent Plaintiff seeks damages for malicious prosecution under § 1983, such a cause of action is premature. *Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("To the extent Nicholas seeks damages for malicious prosecution, he has no cause of action under 42 U.S.C. § 1983 absent a showing that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus." (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

[4] An employee "includes an officer, employee, or servant, whether or not compensated or part-time, who is authorized to perform any act or service; provided, however, that the term does not include an independent contractor." N.J.S.A. § 59:1-3.

4

vicarious liability under the Torts Claim Act. Union County contends that for the county to be vicariously liable, the acts performed by the prosecutor must have been within his administrative or personal capacity and unrelated to his duty to investigate or prosecute.

Plaintiff claims that the UCPO investigators and their subordinates did not have jurisdiction and, therefore, were Union County employees not State employees. Plaintiff fails to provide any legal authority or support for this argument. In addition, Plaintiff claims that Union County admits to being liable in their motion to dismiss pursuant to N.J.S.A. § 59:2-2.[5]

The Supreme Court of New Jersey has held "that when county prosecutors and their subordinates act in their law enforcement/investigatory capacity, they act as 'agents' and 'officers' of the State, qualifying as State employees under N.J.S.A. 59:1-3 for the purpose of determining vicarious liability under the [Torts Claim Act]." *Wright v. State*, 169 N.J. 422, 452 (2001). The Supreme Court of New Jersey has recognized "that a county cannot be held vicariously liable for the actions of prosecutorial defendants related to the investigation and enforcement of the criminal laws of the State." *Id*. The Third Circuit has held that "it is well established that when county prosecutors execute their sworn duties to enforce the law by making use of all the tools lawfully available to them to combat crime, they act as agents of the State." *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996) (abrogated on other grounds).

Plaintiff's complaint against Union County must be dismissed because the county is not vicariously liable for that acts of the UCPO, the prosecutors, and their subordinates while acting within their investigative and law enforcement capacity. Here, the UCPO was investigating

---

[5] "A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J.S.A. § 59:2-2. But "[a] public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." *Id*.

5

Plaintiff's allegedly fraudulent billing activity that related to healthcare claims fraud, theft, and conspiracy. Since this action involves the Defendants' acts while conducting a criminal investigation against Plaintiff, the Defendants were acting within their law enforcement and investigative capacity. Therefore, Union County cannot be held vicariously liable for the alleged acts.

### ii. The Timing of Union County's Legal Defense

Plaintiff argues that Union County failed to provide a timely legal defense in this matter. Plaintiff argues that Union County submitted its motion after the time allowed for a responsive pleading under the Federal Rules of Civil Procedure and without the Court's permission. In response, Union County argues that Plaintiff failed to file a request for default, and even if Plaintiff had sought to enter default judgment, the Court could set aside an entry of default for good cause. Union County contends that their failure to file a timely responsive pleading should be forgiven for good cause because their untimeliness was excusable, and they have a meritorious defense.

Under Rule 12, "a defendant must serve an answer within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12. Rule 55 allows the Court to enter default judgment against a party who has failed to plead or otherwise defend. FED. R. CIV. P. 55. Unless the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment. *Id*. Additionally, "[t]he court may set aside an entry of default for good cause . . . ." *Id*. "In this court, it is well established that a district court ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19

(3d Cir. 1985). The Court has broad discretion whether to set aside an entry of default. *Trachtman v. T. M. S. Realty & Fin. Servs.*, 393 F. Supp. 1342, 1346 (E.D. Pa. 1975).

The Court finds that entering default against Union County is not merited. Plaintiff failed to seek default judgment. In addition, even if Plaintiff applied to the Court for an entry of default judgment against Union County, good cause exists to set aside any hypothetical default. As discussed above, Union County has a meritorious defense to Plaintiff's complaint. Furthermore, Union County explains that their response was untimely because they believed the extension received by their co-defendants applied to all parties. Nor has Plaintiff been prejudiced by Union County's brief delay in response, since Plaintiff was able to timely respond to the County's motion. Union County's motion to dismiss is granted.

### b. The Remaining Defendants

The remaining Defendants move to dismiss under Younger abstention, prosecutorial immunity, the doctrine of qualified immunity, sovereign immunity, and for failure to state a claim upon which relief can be granted. The Court addresses the Defendants' first two arguments below.

#### i. Younger Abstention

Defendants argue that Younger abstention applies because there is an on-going state court proceeding involving Plaintiff and Defendants. Defendants also argue that the State has jurisdiction over the Medicare claims against Plaintiff. In response, Plaintiff argues that abstention does not apply because there is a strong Federal interest in Medicare fraud claims.

Younger abstention requires the Federal Courts to abstain from "stay[ing] or enjoin[ing] pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). Abstention is appropriate under the Younger doctrine "when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3)

the state proceeding affords an adequate opportunity to raise constitutional challenges." *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). After sufficiently meeting all three parts of the test, abstention still may not be "appropriate if the plaintiff establishes that 'extraordinary circumstances exist . . . such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.'" *Zahl*, 282 F.3d at 209 (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

This matter falls squarely within the *Younger* framework. *See*, *e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 84-85 (1971) (holding abstention was required when the federal court was presented with a challenge to the constitutionality of an arrest and search and seizure in an ongoing state criminal case); *Lui v. Comm'n, Adult Entm't, De*, 369 F.3d 319, 325 (3d Cir. 2004); *Boyce v. Croce*, Civ. No. 13-773, 2013 WL 3958202 (D.N.J. July 31, 2013).

Plaintiff argues that the State proceedings for Medicare fraud are preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). But this argument was already rejected by the Third Circuit in *Zahl*. "[T]he proceedings against [Plaintiff] are based upon the historic primacy of state regulation of matters of health and safety and only indirectly and tangentially affect federal interests." *Zahl*, 282 F.3d at 212 (rejecting a doctor's request for a federal injunction restraining adjudication before the New Jersey State Board of Medical Examiners based on preemption of the Medicare fraud allegations). The Third Circuit found that since "[t]his is a matter of paramount state interest; *Buckman* is therefore not on point." *Id*. Plaintiff fails to successfully distinguish *Zahl* from this case.

Plaintiff's complaint is dismissed under Younger abstention because there are on-going state judicial proceedings against Plaintiff, the State has a strong interest in regulating and

8

policing the practice of medicine within New Jersey, and Plaintiff's constitutional challenges could be raised and adequately addressed in the State proceedings.

### ii. Prosecutorial Immunity

Defendants also argue that Plaintiff's complaint should be dismissed because they are protected by absolute prosecutorial immunity when acting in their role as prosecutors. A prosecutor is absolutely immune from a civil suit when initiating a prosecution and presenting the State's case. Prosecutorial immunity applies when the activities are "intimately associated with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). A prosecutor's investigative activities are also protected under prosecutorial immunity "to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution." *Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979); *Hyatt v. County of Passaic*, 340 F. App'x 833, 838 (3d Cir. 2009). Also, absolute prosecutorial immunity extends to agency officials when "performing certain functions analogous to those of the prosecutor." *Butz v. Economou*, 438 U.S. 478, 515 (1978). "The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution." *Id.*

Under these circumstances, Defendants are protected because of absolute prosecutorial immunity, and Plaintiff's complaint must be dismissed. Plaintiff's claims arise out of his criminal prosecution in New Jersey state court and his administrative prosecution before the Board of Medical Examiners. Defendants' actions were either investigative activities necessary to secure the information needed for their decision to initiate a criminal prosecution or prosecutorial functions.

### IV. CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 25th day of November, 2013,

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 6 & 7) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court is to **CLOSE** this case.

          **/s/ Faith S. Hochberg_____**

          **Hon. Faith S. Hochberg, U.S.D.J.**